USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ANDRA LAMONT CROWDER,

        Petitioner,       16 CV 4403 (CM)
-against-             05 CR 67-02 (CM)

UNITED STATES OF AMERICA,

        Respondent.
----------------------------------------x

DECISION AND ORDER DENYING MOTION FILED PURSUANT 28 U.S.C. § 2255

McMahon, C.J.:

Crowder and a codefendant were charged in a six-count indictment with various crimes arising out of a brazen gun point home invasion and abduction of a businessman, designed to extract ransom. Crowder ultimately pleaded guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Two), and brandishing a gun during an attempted robbery, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). He was sentenced to 161 months' imprisonment: 77 months for the attempted robbery plus a consecutive 84 months for the § 924(c) brandishing. The Court also sentenced him to a 3-year term of supervised release for the attempted robbery, concurrent with a 5-year term of supervised release for the § 924(c) offense. *See id.* Crowder was released from prison in January 2018 and is currently serving his term of supervised release.

Before the Court is Crowder's motion, filed pursuant to Title 28, United States Code, Section 2255, challenging his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing, using, or carrying a firearm in connection with a crime of violence (a so called, "*Johnson* Motion"). In light of the U.S. District Court for the Southern District of New York's Standing

1

Order In re: Petitions under 28 U.S.C. §§ 2255 and 2241 in Light of *Johnson v. United States*, 16-MC-217 (filed June 8, 2016), the motion was stayed pending further order of the Court. (*See* ECF No. 3). In February 20019, the Court ordered the Government to respond and it filed its response on March 4, 2019. (ECF Nos. 5 & 6). However, Crowder requested that the case be further stayed pending a decision by the United States Supreme Court in *United States v. Davis*, Sup. Ct. No. 18-431. (ECF No. 7). The Court once again stayed the case. (ECF No. 8).

On June 24, 2019, the Supreme Court issued its opinion in *Davis*, which held that Section 924(c)(3)(B) – the so-called "residual" or "risk-of force" clause – is unconstitutionally vague. *See* 139 S. Ct. at 2336. The stay was lifted and the Government file an amended response to address *Davis*. (ECF No. 9.) Defendant, in turn, filed a reply.

Crowder's motion is denied.

Defendant's *Davis* Motion

Crowder claims that, in the wake of *Davis*, his § 924(c) conviction (Count Three) cannot stand.[1]

In *Davis*, the Supreme Court reaffirmed that § 924(c)'s force clause must be interpreted using the so called "categorical approach." *See* 139 S. Ct. at 2328. Under this approach, "we evaluate whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence. In doing so, we focus only on the elements of the offense and do not consider the particular facts of the underlying crime." *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (citations omitted).

---

[1] Although Petitioner has already served the custodial portion of his sentence, he is currently serving a five years term of supervised release on Count Three. If Count Three were vacated, he would be subject to only the three years term of supervised release imposed on Count Two—the statutory maximum for that count.

Using that approach, the Second Circuit has held that Hobbs Act robbery is categorically a crime of violence that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Hill*, 890 F.3d at 60 (quoting 18 U.S.C. § 924(c)(3)(A)). Applying the categorical approach to attempted Hobbs Act robbery yields the same conclusion. The force clause defines a "crime of violence" to include felonies having as an element "*attempted use* . . . of physical force against the person or property of another." (Emphasis added). Attempted Hobbs Act robbery is an attempt to commit robbery as defined in Section 1951(b). Because that offense involves the attempted taking or obtaining of property "by means of actual or threatened force, violence, or fear of injury," 18 U.S.C. § 1951(b)(1), it comes within the force clause's definition.

The Supreme Court's recent decision in *Davis* does not change this calculus. *Davis* concerned a charge of conspiracy to commit Hobbs Act robbery, not the offense of attempted Hobbs Act robbery at issue here. *See* 139 S. Ct. at 2324. The decision in *Davis* also directed courts to "look to the elements and the nature of the offense of conviction, rather than to the particular facts" underlying a conviction. *Id.* at 2328 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)). "Unlike conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery is a valid crime of violence under the [force] clause because it invariably requires the actual, attempted, or threatened use of physical force." *United States v. Edwards*, No. 3:03-CR-204, 2019 WL 3347173 (E.D. Va. July 25, 2019). *Davis*, thus, does nothing to undermine the conclusion that attempted Hobbs Act robbery is a crime of violence within the meaning of Section 924(c)'s force clause.

3

While the Second Circuit has yet to address this question, other courts, including the Eleventh Circuit, that have addressed the issue post-*Davis* have held that attempted Hobbs Act robbery is a crime of violence. Indeed, the Eleventh Circuit reasoned that:

> A completed Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)(3)(A) and, therefore, attempt to commit Hobbs Act robbery requires that [the defendant] intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner. [T]he definition of a crime of violence in § 924(c)(3)(A) equates the use of force with attempted force, and thus the text of § 924(c)(3)(A) makes clear that actual force need not be used for a crime to qualify under § 924(c)(3)(A). Thus, ... given § 924(c)'s 'statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime,' attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) as well.

*United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019); *see also, e.g.*, *Edwards*, 2019 WL 3347173 at *3 (finding that "attempted Hobbs Act robbery . . . serves as a valid basis for the § 924(c) violation," because "like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force"); *United States v. Richardson*, No. 3:13-CR- 115, 2019 WL 3347177, at *3 (E.D. Va. July 25, 2019) (same); *Banks v. United States*, No. 2:09- CR-20491, 2019 WL 3225723, at *2 (W.D. Tenn. July 17, 2019) ("Contrary to Banks' contention, his attempted Hobbs Act robbery is a 'crime of violence' under § 924(c)(3)(A)'s elements clause."); *Jones v. Warden, FMC Lexington*, No. 5:18-CV-465-CHB, 2019 WL 3046101, at *1, 4 (E.D. Ky. July 11, 2019) (rejecting an argument that a conviction for "attempted Hobbs Act robbery no longer qualifies as a predicate 'crime of violence' for purposes of [a] . . . § 924(c) conviction" because it "qualifies as a 'crime of violence' under the 'use-of-force' clause of § 924(c)(3)(A), [and] *Davis* does not apply").

4

Petitioner claims that the courts that have found attempted Hobbs Act robbery to be a crime of violence are guilty of "cursory reasoning." He suggests that the cases were wrongly decided because "*[i]ntending* to commit each element of a crime involving the use of force simply is not the same as *attempting* to commit each element of that crime." (ECF No. 7 at 3 (quoting the dissent in *United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (Pryor, J., joined by Wilson and Martin, JJ., dissenting from denial of rehr'g *en banc*)) (emphasis in original).). Petitioner contends that attempted Hobbs Act robbery can be committed without actually using force, without actually threatening force, and without actually intending—or, thus, attempting—to use force. He posits that a defendant may be convicted of attempt robbery by taken a substantial—but nonviolent—step towards the commission of the crime, such as reconnoitering the place where the contemplated robbery would take place. Thus, Petitioner suggests that under the categorical approach—evaluating whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence—attempted Hobbs Act robbery is not a "crime of violence."

Petitioner erroneously implies that a "substantial step" may be any action in furtherance of a robbery, but the proper inquiry looks to the nature of that step relative to the attempted offense. *See, e.g.*, *United States v. Farhane*, 634 F.3d 127, 148 (2d Cir. 2011) (noting that "the identification of a substantial step" depends in part on "the crime charged" and "important to a substantial-step assessment is an understanding of the underlying conduct proscribed by the crime being attempted"). In the context of attempted Hobbs Act robbery, "a substantial step to commit a robbery must be conduct planned clearly to culminate in that particular harm." *Id.* Even if every individual act constituting an attempt to commit a crime of violence is not itself violent, a defendant who takes a "substantial step" toward committing an inherently violent offense – such as Hobbs Act robbery – has at least "attempted" or "threatened" the use of force within the meaning of Section 924(c)(3)(A). *Cf. United States v. Davis*, 8 F.3d 923, 927 (2d Cir. 1993) ("Conduct is not considered a substantial step unless it is strongly corroborative of the criminal intent of the accused."). In

5

other words, conduct sufficient to meet the "substantial step" standard, which goes beyond mere preparation and rises to affirmative actions "planned clearly to culminate" in a robbery, *Farhane*, 634 F.3d at 148, ordinarily will constitute an attempt to use force. Under the categorical approach, that conclusion renders attempted Hobbs Act robbery a crime of violence within the meaning of the force clause.

In sum, Crowder's motion fails because attempted Hobbs Act robbery is a "crime of violence" within the meaning of § 924(c)(3)(A), and therefore, brandishing a weapon during an attempted Hobbs Act robbery is a violation of § 924(c)(1)(A)(ii).

Petitioner's motion to vacate his conviction is denied.

Since the issue presented in the instant petition involves an unsettled area of law and one the Second Circuit has yet to address, the Court authorizes the issuance of a certificate of appealability.

This constitutes the decision and order of the Court.

Dated: November 19, 2019

_____
Colleen McMahon, Chief District Court Judge

BY ECF TO ALL PARTIES

6