UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

ANDRA LAMONT CROWDER,

                              Petitioner,

          -against-

UNITED STATES OF AMERICA,

                              Respondent.

_____x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/9/23
```

16 CV 4403 (CM)
05 CR 67-02 (CM)

DECISION ON PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

The Second Circuit Court of Appeals has remanded this case to the district court for it to determine whether to vacate Crowder's § 924(c) conviction.  For the reasons stated herein, Crowder's § 924(c) is vacated; an amended judgment will be entered forthwith.

## I.  Background

### A.  Relevant Facts

Crowder pleaded guilty to committing what this Court has described as "a particularly heinous armed kidnapping. (Transcript of Sentence dated Jan. 26, 2007). Crowder and two other individuals confronted and threatened a victim ("Victim-1") in his home.  One perpetrator put a gun in Victim-1's face.  *Id.*  Crowder and his cohorts then abducted Victim-1 and forced him into their vehicle.  *Id.*  Crowder suggested that Victim-1 be locked in the trunk, but the other perpetrators instead restrained Victim-1 inside the vehicle.  *Id.*  The three perpetrators demanded money for Victim1's release; ultimately they were apprehended without receiving any payment.

Crowder was charged in a six-count Indictment on January 19, 2005. On June 14, 2006, Crowder pled guilty pursuant to a plea agreement to Counts Two and Three of that Indictment,

1

which had charged him with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) ("Count Two"), and using and carrying a firearm, which was brandished, during that offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Three"). (Plea Transcript dated June 14, 2006).

On January 26, 2007, this Court sentenced Crowder to 77 months' incarceration on Count Two, to be followed by a consecutive sentence of 84 months' incarceration on Count Three. (*See* Judgment). Crowder's sentence of incarceration was to be followed by a three-year term of supervised release on Count Two, and a five-year term of supervised release on Count Three, with such terms to run concurrently. *Id.*

Crowder was released from custody on January 28, 2018 and began serving his term of supervised release. On or about October 15, 2019, his supervision was transferred to the U.S. District Court for the Eastern District of North Carolina. On April 7, 2020, Crowder's supervision was revoked, and he was placed on a new term of supervised release for a period of 24 months. On September 18, 2020, his supervision was revoked again, and he was sentenced to a term of incarceration with no additional supervision to follow. *See United States v. Crowder*, No. 19 Cr. 435 (JCD), Dkt. 35 (E.D.N.C. Sept. 22, 2020).

According to the U.S. Bureau of Prisons, Crowder was released from custody on or about November 19, 2021.

**B. Procedural History**

Crowder filed a first motion pursuant to 28 U.S.C. § 2255 on June 10, 2016, which challenged his conviction under § 924(c)(1)(A)(ii). In light of the U.S. District Court for the Southern District of New York's *Standing Order In re: Petitions under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States*, 16-MC-217 (filed June 8, 2016), Crowder's motion

2

was stayed. On February 1, 2019, the Court directed the Government to file a response to the motion, and the Government did so on March 4, 2019. Crowder filed a response on April 3, 2019, which, among other things, requested that this case be stayed pending a decision by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court granted that request on April 4, 2019.

On June 24, 2019, the Supreme Court issued its opinion in *Davis*, which held that § 924(c)(3)(B) – the so-called "residual" or risk-of force clause – is unconstitutionally vague. *See* 139 S. Ct. at 2336. On July 1, 2019, this Court directed the Government to file an additional response in light of *Davis*. The Government did so on July 31, 2019, and Crowder filed an additional reply on August 30, 2019. (Dkt. 11.) This Court denied Crowder's motion in a written decision on November 20, 2019. Crowder promptly appealed.

On April 29, 2020, the U.S. Court of Appeals for the Second Circuit granted Crowder's request to hold his appeal in abeyance pending decisions in prior appeals presenting a similar issue. *See Crowder v. United States*, No. 19-3887, Dkt. 28 (2d Cir.). Crowder moved to reinstate the appeal in January 2023, following decisions by the Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022), and the Court of Appeals in *United States v. McCoy*, 58 F.4th 72 (2d Cir. 2023). On April 4, 2023, the Court of Appeals vacated this Court's denial of Crowder's § 2255 motion in light of *Taylor* and *McCoy*, and remanded the case to permit this Court to "determine whether to vacate [Crowder]'s § 924(c) conviction," including, "in the first instance, whether *Taylor* is retroactively applicable to cases on collateral review and any other issues relevant to the relief requested by [Crowder]."

## II. Discussion

On June 21, 2022, the Supreme Court issued its decision in *Taylor* and held that attempted Hobbs Act robbery does not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c)(3). 142 S. Ct. at 2020. Since Crowder pleaded guilty only to Count Two (Attempted Hobbs Act Robbery) and Count Three (the § 924(c) firearms offense) of the Indictment, this case does not present the question of whether his § 924(c) conviction (Count Three) could be affirmed on the basis of one or more valid alternative predicates, charged in other counts. *See, e.g., United States v. Dussard*, 967 F.3d 149, 156–58 (2d Cir. 2020). Thus, if the Court determines that *Taylor* applies retroactively on collateral review, Crowder's conviction must be set aside.

### *Retroactivity*

"The framework for determining whether a decision applies retroactively to cases on collateral review is set forth by the [Supreme Court's] plurality opinion in *Teague v. Lane*." *Hall v. United States*, 58 F.4th 55, 60 (2d Cir. 2023) (citing *Teague v. Lane*, 489 U.S. 288 (1989)). "Under *Teague*, as a general matter, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced unless they fall under an established exception." *Hall*, 58 F.4th 60 (internal cites omitted). "As relevant here, one of those exceptions is for new substantive rules, which generally apply retroactively." *Hall*, 58 F.4th at 60 (internal cites and emphasis omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes," which "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351–53 (internal

citations omitted).

In *Welch v. United States*, the Supreme Court held that its *Johnson* decision—which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles—announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 578 U.S. 120, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

In *Hall v. United States*, the Second Circuit held that the Supreme Court's holding in *United States v. Davis*—finding the residual clause in definition of "crime of violence" in statute providing enhanced penalties for use of a firearm in connection with a crime of violence to be unconstitutionally vague—represented a new substantive rule of constitutional criminal law that applies retroactively on collateral review. *Hall v. United States*, 58 F.4th 55 (2d Cir. 2023).

It follows that *Taylor*—which held that attempted Hobbs Act robbery does not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c)(3)—should also be applied retroactively on collateral review. Like *Johnson* and *Davis*, *Taylor* announced a rule that is (i) new, in that it was "not dictated by precedent existing at the time the defendant's conviction became final," *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quotation marks and emphasis omitted); and (ii) substantive in that it "alter[ed] the range of conduct . . . that the law punishes," *Welch v. United States*, 136 S. Ct. 1257, 1264-64 (2016). *Cf.* Hall, 58 F.4th at 61–62 (applying two requirements for retroactivity to *Davis*).

Accordingly, the Court finds that *Taylor* applies retroactively on collateral review.[1]

---

[1] At least one other court in the Southern District has held (and several others have suggested) that *Taylor* applies retroactively to cases on collateral review. *See Aponte v. United States*, No. 02 CR. 1082-4 (NRB), 2023 WL 3600848, at *3–4 (S.D.N.Y. May 23, 2023) (*Taylor* applies retroactively to petitioners, like Aponte, who seek collateral review of their convictions under § 2255); *United States v. Nguyen*, No. 07-cr-1121 (PAE), 2023 WL 2754303, at *4 (S.D.N.Y. Apr. 3, 2023) (suggesting Taylor applies retroactive); *Pedro v. United States*, No. 03-cr-0346-01 (SHS), 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (suggesting Taylor applies retroactive). And while the Second Circuit has not directly addressed *Taylor's* retroactive applicability on collateral review, it recently

*Crowder's § 924(c) Conviction on Count Three is Vacated*

Since the only predicate of Crowder's § 924(c) conviction no longer qualifies as crimes of violence, his conviction and sentence on Count Three are vacated.

Having now vacated Crowder's § 924(c) conviction, the Court may in its discretion, conduct a *de novo* resentencing or enter an amended judgment.[2] While a resentencing is often warranted after vacatur of a § 924(c) conviction "so that the district court may increase the sentences for any remaining counts," *Davis*, 139 S. Ct. at 2336 (quotation marks omitted), Crowder has already completed his entire term of incarceration and supervised release portions of his sentence. Thus, after vacating Crowder's § 924(c) conviction, all that remains for this Court to do is "delete the sentence[]" on that count [Count Three], which would be "strictly ministerial." *United States v. Pena*, 58 F.4th 613, 615 (2d Cir. 2023) (holding that § 2255 "vests district courts with discretion in such circumstances to decide whether or not to conduct a *de novo* resentencing"). *Pena*, 58 F.4th at 623 (affirming entry of amended judgment where resentencing would have been "strictly ministerial").

An amended judgment will be entered reflecting a sentence of time served, to be followed by a three-year term of supervised release, $26,840 in restitution, and a $100 mandatory special assessment for Crowder's conviction on Count Two.

---

cited with approval a Sixth Circuit case which applied *Taylor* retroactively to a request to vacate under § 2255. *United States v. Collymore*, 61 F.4th 295, 297 (2d Cir. 2023) (citing *Wallace v. United States*, 43 F.4th 595, 601 (6th Cir. 2022)).

[2] *See* 28 U.S.C. § 2255(b) ("If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."); *United States v. Pena*, 58 F.4th 613, 615 (2d Cir. 2023) (holding that § 2255 "vests district courts with discretion in such circumstances to decide whether or not to conduct a *de novo* resentencing").

This constitutes the decision and order of the Court

Dated: August 9, 2023

_____
Colleen McMahon
District Court Judge